**SO ORDERED.**

Dated: April 06, 2009



_____
REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge

Thomas H. Allen, State Bar #11160
Leslie R. Hendrix, State Bar #23679
**ALLEN, SALA & BAYNE, PLC**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
E-mail: tallen@asbazlaw.com
       lhendrix@asbazlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 11 |
| LOLINDA FISHER, | Case No. 2-07-bk-03839-RTB |
| Debtor. | **ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 9, 2009** |

Upon consideration of Debtor's *First Amended Plan of Reorganization Dated February 9, 2009* ("Plan"), *Debtor's Ballot Report* ("Ballot Report"), the *Affidavit of Lolinda Fisher in support of Confirmation*, the *Memorandum in Support of Confirmation of Debtor's First Amended Plan of Reorganization Dated February 9, 2009*, statements made by counsel at the March 23, 2009 hearing on the confirmation of the Plan ("Confirmation Hearing"), including the modification of the Plan to clarify the Plan treatment of certain creditors that have reached stipulations with the Debtor, the record in this case, and good cause appearing;

The Court hereby finds as follows:

1. On August 7, 2007, the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code. Since the filing of the bankruptcy Petition, the Debtor has operated as a debtor-in-possession.

2. On February 12, 2009, the Court entered its Amended Order conditionally approving the Debtor's *First Amended Disclosure Statement Dated February 9, 2009*.

3. The *First Amended Plan of Reorganization Dated February 9, 2009* was properly submitted to creditors for voting.

4. Class I Administrative Claimants are unimpaired and deemed to have accepted the Plan.

5. Class II(a) accepted the Plan.

6. Class II(b) did not vote on the Plan, but the treatment is consistent with the requirements of 11 U.S.C. § 1129(a)(9)(C).

7. Neither Classes III(a) nor III(h) objected to the Plan or filed a timely ballot. At the Confirmation Hearing, counsel for Class III(a) and Class III(h) claimants stated that they had no objection to confirmation as the Plan allows both Class III(a) and III(h) to receive as much as they would in a chapter 7 liquidation. Both claims shall retain their liens on the collateral securing their property and:

   a. The holder of the Allowed Class III(a) Claim will be paid the full principal amount of its allowed claim, plus accrued interest on the principal amount at the non-default contract rate until the Effective Date, as provided in the most current loan documents ("Loan Documents") executed by the Debtor to the Classes III(a) Claimant or its predecessor. In addition to the regular monthly payments as provided above, the holder of the Allowed Class III(a) claim shall also be entitled to payment of an amount equal to the following (the "Deficiency"): (1) The accrued and unpaid non-default interest up to the Effective Date; (2) reasonable costs as provided in the Loan Documents; and, (3) reasonable fees as provided by the loan documents.

   b. The holder of the Allowed Class III(h) Claim shall be paid an amount equal to the following (the "Restated Amount"): (i) The full principal amount of its claim; (ii) accrued interest on the principal amount at the non-default contract rate as provided in the most current loan documents executed by the Debtor to the Class III(h) Claimant or its predecessor; and, (iii) its reasonable costs and attorneys fees if provided in the loan documents. The Restated Amount shall accrue interest at the rate of 6.5% per annum from and after the Effective Date. The Debtor's obligations to pay the Restated Amount shall

continue to be secured by the current Deed of Trust securing the Class III(h) Claim.

8. Class III(d) accepted the Plan.

9. Classes III(b), III(e), III(f), III(i), and III(l) neither submitted a ballot, nor objected to the Plan. The Plan allows Classes III(b), III(e), III(f), III(i), and III(l) to receive at least as much as they would in a chapter 7 liquidation, as all claims shall retain their liens on the collateral securing their property; and

    a. The holder of the Allowed Class III(b) Claim will be paid the full principal amount of its allowed claim, plus interest on the principal amount at the non-default contract rate until the Effective Date, as provided in the most current loan documents ("Loan Documents") executed by the Debtor to the Class III(b) Claimant or its predecessor. In addition to the regular monthly payments as provided above, the holder of the Allowed Class III(b) claim shall also be entitled to payment of an amount equal to the following (the "Deficiency"): (1) The accrued and unpaid non-default interest up to the Effective Date; (2) reasonable costs as provided in the Loan Documents; and, (3) reasonable fees as provided by the Loan Documents.

    b. The holder of the Allowed Class III(e) Claim will be paid the full principal amount of its allowed claim, plus interest at the lower of (i) the non-default contract rate as provided in the most current loan documents executed by the Debtor to the Class III(e) Claimant or its predecessor, or (ii) 6.5% per annum. The payment will be made from the sale or refinance of the Vacant Land, which sale or refinance shall occur on or before October 31, 2009. Should the Vacant Land not be sold or refinanced by the Debtor on or before October 31, 2009, the Allowed Class III(e) Claimant shall be entitled to complete its foreclosure sale of the Vacant Land under Arizona law. After the sale of the Vacant Land, the Class III(e) Claimant shall comply with Arizona law to preserve and determine any deficiency claim. Any deficiency

claim determined pursuant to Arizona law shall be paid, with interest at the rate of 6.5% per annum.

    c. The holder of the Allowed Class III(f) Claim shall be vested with title to the real property located at 148 Fir, Winter Park, Colorado, based upon the foreclosure sale completed on September 21, 2007. On the Effective Date, the Class III(f) shall be deemed to have waived any and all claims against the Debtor.

    d. The holder of the Allowed Class III(i) Claim shall be paid an amount equal to the following (the "Restated Amount"): (i) The full principal amount of its claim; (ii) accrued interest on the principal amount at the non-default contract rate as provided in the most current loan documents executed by the Debtor to the Class III(i) Claimant or its predecessor; and, (iii) its reasonable costs and attorneys fees if provided in the loan documents. The Restated Amount shall accrue interest at the rate of 6.5% per annum from and after the Effective Date. The Debtor's obligations to pay the Restated Amount shall continue to be secured by the current Deed of Trust securing the Class III(i) Claim.

    e. The holder of the Allowed Class III(l) Claim shall be paid an amount equal to the following (the "Restated Amount"): (i) The full principal amount of its claim; (ii) accrued interest on the principal amount at the non-default contract rate as provided in the most current loan documents executed by the Debtor to the Class III(l) Claimant or its predecessor; and, (iii) its reasonable costs and attorneys fees if provided in the loan documents. The Restated Amount shall accrue interest at the rate of 6.5% per annum from and after the Effective Date. The Debtor's obligations to pay the Restated Amount shall continue to be secured by the current Deed of Trust securing the Class III(l) Claim.

10. Classes III(g), III(j), and III(k) are not impaired and are deemed to have accepted

the Plan.

11. Class III(c) claimant, the Subhi M. Kalla Family Trust ("Kalla Trust") has a valid first position lien on two parcels of vacant land located in Coconino County, Arizona ("Vacant Land"). At the Confirmation Hearing, the Debtor and the Kalla Trust placed the following agreement on record. The Kalla Trust agreed to change its vote and accept the Plan provided that the Debtor file a Motion to approve the sale of the Vacant Land on or before March 31, 2009. The initial offer shall be a credit bid in the amount due the Kalla Trust on its first position Deed of Trust at the time of closing. As of March 20, 2009, an outstanding balance of $224,485.14 was due and interest accrues at the rate of $79.36 per day. The sale is subject to Bankruptcy Court approval and interested parties will have an opportunity to present any higher and better offers at the time of the hearing to approve the sale of the Vacant Land. The Coconino County Treasurer's Office asserts a claim in the approximate amount of $2,500.00 for unpaid real property taxes. As the sale shall be free and clear of all liens, claims and encumbrances, any unpaid real property taxes due to Coconino County shall be paid at closing of the sale. The Kalla Trust claim will be resolved in full as the Kalla Trust will either receive the Vacant Land, or payment in full of their claim.

12. Class IV Unsecured Claims have accepted the Plan.

13. Class V Administrative Convenience claimants neither submitted a ballot, nor objected to the Plan.

14. The Plan complies with the applicable provisions of the Bankruptcy Code. Accordingly, the Plan complies with the requirements of 11 U.S.C. §§ 1129(a)(1) and (2).

15. The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(3).

16. Any payments made by the Debtor, or the reorganized Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, the Court as reasonable. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(4).

17. As the Debtor is an individual, 11 U.S.C. § 1129(a)(5)(A) is not applicable.

18. As the Debtor is an individual, 11 U.S.C. § 1129(a)(5)(B) is not applicable.

19. The Plan does not require any rate change for which approval from a government regulatory commission is necessary. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(6).

20. As set forth in the Ballot Report and the testimony at the Confirmation Hearing, four impaired classes voted to accept the Plan. Of the impaired classes that have not submitted a vote or a timely vote regarding the Plan, those classes will receive under the plan at least as much as the claimant would receive under a chapter 7 liquidation. In addition, classes of secured claims shall retain a lien securing such claim and shall receive deferred payments totaling at least the amount of such claim. Accordingly, the Plan complies with the requirements of 11 U.S.C. §§ 1129(a)(7)(A)(i) and (ii).

21. No secured creditor has elected to be treated as a fully secured creditor pursuant to Section 1111(b)(2) of the Bankruptcy Code. Accordingly, 11 U.S.C. § 1129(a)(7)(B) is not applicable in this case.

22. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of the kind specified in §507(a)(2) of the Bankruptcy Code, the holder of such claim will receive on account of such claim on the effective date of the Plan, cash equal to the amount of such claim. The Debtor has no claims specified in 11 U.S.C. § 507(a)(3). Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(9)(A).

23. The Debtor has no claims of the kind specified in 11 U.S.C. §§ 507(a)(1), (5), (6) or (7). To the best of the Debtor's knowledge, there is only one claim that exists as specified in §507(a)(4). It consists of the Class II(a) Wage Priority Claim of Donna Rose. The Class II(a) claim has accepted the plan and the allowed Class II(a) claim shall receive $10,950 which is the full amount allowed by statute under 11 U.S.C. § 507(a)(4) within 90 days of the Effective Date. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(9)(B).

24. With respect to a claim of a kind specified in 11 U.S.C. § 507(a)(8), the holder of such claim will receive on account of such claim regular installment cash payments, over a

period not exceeding 5 years after the order for relief, of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(9)(C).

25. With respect to any secured claims that would otherwise meet the description of a kind specified in 11 U.S.C. § 507(a)(8), the holder of such claim will receive on account of such claim regular installment cash payments, over a period not exceeding 5 years after the order for relief, of a total value, as of the effective date of the Plan, equal to the allowed amount of such claim. Accordingly, I believe the Plan complies with the requirements of 11 U.S.C. § 1129(a)(9)(D).

26. As set forth in the Ballot Report, three (3) classes of creditors which are impaired under the Plan have accepted the Plan, determined without including any acceptance of the Plan by any insider. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(10).

27. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the reorganized Debtor. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(11).

28. The Plan provides for the payment of all bankruptcy fees payable under 28 U.S.C. §1930 on the effective date of the Plan. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(12).

29. The Debtor does not provide and has not provided retiree benefits as that term is defined in 11 U.S.C. § 1114. Accordingly, 11 U.S.C. § 1129(a)(13) is not applicable in this case.

30. The Debtor is not required to pay any domestic support obligation. Accordingly, 11 U.S.C. § 1129(a)(14) is not applicable in this case.

31. A holder of an unsecured claim has not objected to the confirmation of the Plan. Accordingly, 11 U.S.C. § 1129(a)(15) is not applicable in this case.

32. All transfers of property of the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a

corporation that is not a moneyed, business or commercial corporation. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(16).

Based upon the foregoing, and good cause appearing:

IT IS HEREBY ORDERED, confirming the Plan, as modified herein;

IT IS FURTHER ORDERED, in accordance with the Plan, that on the Effective Date, all rights, claims, title and interest in and to the assets of the Debtor shall be transferred to the reorganized Debtor;

IT IS FURTHER ORDERED, that the Debtor shall retain the ability to bring any type of adversary after entry of this Order;

IT IS FURTHER ORDERED, that pursuant to the terms of the Plan and 11 U.S.C. §1141, and except as may have been provided by prior Orders of the Court, all claims against the Debtor shall be discharged upon the entry of this Order and all creditors and interest holders shall be and hereby are permanently enjoined from seeking any treatment of their claims or interest other than the treatment specified in the Plan and/or this Order.

DATED AND SIGNED ABOVE

APPROVED AS TO FORM AND CONTENT
this 2 09 day of April, 2009 by:

SUBHI M. KALLA FAMILY TRUST

*Subhi M. Kalla* (signature)
Subhi M. Kalla
7820 N. 47th Place
Paradise Valley, AZ 85253

TIFFANY & BOSCO, P.A.

_____
Leonard J. McDonald, Jr.
2525 E. Camelback Road, 3rd Floor
Phoenix, AZ 85016-4237
*Attorneys for HomeEQ Servicing and EMC Mortgage*

-signatures continued on next page-

corporation that is not a moneyed, business or commercial corporation. Accordingly, the Plan complies with the requirements of 11 U.S.C. § 1129(a)(16)

Based upon the foregoing, and good cause appearing:

**IT IS HEREBY ORDERED**, confirming the Plan, as modified herein;

**IT IS FURTHER ORDERED**, in accordance with the Plan, that on the Effective Date, all rights, claims, title and interest in and to the assets of the Debtor shall be transferred to the reorganized Debtor;

**IT IS FURTHER ORDERED**, that the Debtor shall retain the ability to bring any type of adversary after entry of this Order;

**IT IS FURTHER ORDERED**, that pursuant to the terms of the Plan and 11 U.S.C. §1141, and except as may have been provided by prior Orders of the Court, all claims against the Debtor shall be discharged upon the entry of this Order and all creditors and interest holders shall be and hereby are permanently enjoined from seeking any treatment of their claims or interest other than the treatment specified in the Plan and/or this Order.

**DATED AND SIGNED ABOVE**

APPROVED AS TO FORM AND CONTENT
this ____ day of April, 2009 by:

**SUBHI M. KALLA FAMILY TRUST**

_____
Subhi M. Kalla
7820 N. 47th Place
Paradise Valley, AZ 85253

**TIFFANY & BOSCO, PA**

_____
Leonard J. McDonald, Jr.
2525 E. Camelback Road, 3rd Floor
Phoenix, AZ 85016-4237
*Attorneys for HomeEQ Servicing and EMC Mortgage*

-signatures continued on next page-

**COCONINO COUNTY ATTORNEY**

/s/ BAA #018975

Bryan A. Antol
110 E Cherry Avenue
Flagstaff, AZ 86001
*Attorneys for Coconino County Treasurer*