Thomas H. Allen, State Bar #11160
Lance A. Francis, State Bar #24692
**ALLEN, SALA & BAYNE, PLC**
Viad Corporate Center
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
E-mail:   tallen@asbazlaw.com
          lfrancis@asbazlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | CHAPTER 11 |
| LOLINDA LEE FISHER, | Case No. 2-07-bk-03839-RTBP |
| Debtor. | **APPLICATION FOR ORDER TO SHOW CAUSE** |

Lolinda Lee Fisher, debtor in the above-captioned bankruptcy case ("Debtor"), by and through undersigned counsel, hereby requests that the Court enter an Order to Show Cause directing Wells Fargo Bank, N.A., as Trustee for America's Servicing Company ("the Bank") to appear and show cause, if any, why it should not be held in contempt for its willful interference with and failure to comply with this Court's Order confirming the Debtor's Plan of Reorganization and to accept Debtor's regular monthly loan payments pursuant to the terms of the confirmation order. This Application is supported by the accompanying Memorandum of Points and Authorities, and the Affidavit of Thomas H. Allen (a true and correct copy of which is attached hereto as Exhibit "C").

DATED this 21st day of September, 2009

**ALLEN, SALA & BAYNE, PLC**

*/s/ THA #11160*
Thomas H. Allen
Lance A. Francis
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Debtor

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. On or about August 7, 2007 ("Petition Date"), Lolinda Lee Fisher ("Debtor"), filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code.

2. On or about August 30, 2007, the Bank filed its Proof of Claim.

3. On or about February 9, 2009, Debtor filed the *Debtor's First Amended Plan of Reorganization Dated February 9, 2009* ("the Plan").

4. On or about February 13, 2009, the Bank was properly noticed of the Plan as evidenced by the Affidavit of Mailing on file at Docket No. 163.

5. The Bank did not file an objection to the Plan.

6. On or about April 6, 2009, an *Order Confirming Debtor's First Amended Plan of Reorganization Dated February 9, 2009* was signed by this court ("Confirmed Plan").

7. Pursuant to the Confirmed Plan, the Bank is to be paid the full principle amount of its allowed claim, plus interest. Regular monthly payments of $973.51 are to be made to the Bank effective June 1, 2009.

8. The Confirmed Plan also provides that the Bank is to receive ten equal payments of $1,600.00, payments to be made every six months beginning on December 6, 2009, to cure any pre-petition deficiency.

9. On June 25, 2009, pursuant to the Confirmed Plan, the Debtor tendered a check to the Bank, certified mail, return receipt requested, in the amount of $973.51 for the June 2009 regular monthly loan payment. A letter from Thomas H. Allen, counsel for the Debtor ("Debtor's Counsel"), accompanied the Debtor's payment and referenced the pertinent portions of the Confirmed Plan. See **Exhibit "A"**, attached hereto.

10. On July 14, 2009, the Bank sent a letter to Debtor refusing acceptance of the Debtor's June 25, 2009 loan payment for the reason that it "will not reinstate the loan in payments." See **Exhibit "B"**, attached hereto.

11. On July 15, 2009, the Debtor tendered a check to the Bank in the amount of $973.51 for the July 2009 regular monthly loan payment. To the Debtor's knowledge, the Bank has not cashed this check.

12. Debtor's Counsel attempted to contact the Bank by telephone on at least three separate occasions, including July 22, 2009, July 29, 2009 and August 4, 2009. The Bank has failed to return any of Mr. Allen's telephone calls. A true and correct copy of Mr. Allen's sworn Affidavit is attached hereto as **Exhibit "C"**.

13. On or about August 25, 2009, the Bank set a Preliminary Hearing on its Motion to Lift the Automatic Stay.

14. Mr. Allen's paralegal sent emails to the Bank on August 27, 2009 and September 2, 2009 in an attempt to resolve the Bank's refusal to accept payments from the Debtor. The Bank failed to respond to any of these emails. See **Exhibit "D"**, attached hereto.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order to Show Cause, directing Wells Fargo Bank, N.A., as Trustee for America's Servicing Company, to appear and show cause, if any, why it should not be held in contempt for its willful interference with and failure to comply with this Court's Order confirming the Debtor's Plan of Reorganization.

At such hearing, the Debtor will request that the Court order the Bank to reimburse the Debtor for all attorneys' fees and costs associated with preparing for and bringing this Application, and to reimburse the Debtor for all costs associated with her attempts to submit post-confirmation plan payments to the Bank.

The Debtor also requests the Court impose a sanction of not less than $100.00 per day until the Bank complies with the Court's Order confirming the Debtor's plan of reorganization. *In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996) (Bankruptcy Court has authority to sanction individuals for abuse of the bankruptcy process).

RESPECTFULLY SUBMITTED this 21st day of September, 2009.

**ALLEN, SALA & BAYNE, PLC**

*/s/ THA #11160*
Thomas H. Allen
Lance A. Francis
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Attorneys for Debtor

1 | COPY of the foregoing mailed
on September 21, 2009 to:
2
United States Trustee
3 | 230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
4
Wells Fargo Bank, N.A.
5 | Bankruptcy Department, MAC X2501-01F
One Home Campus
6 | Des Moines, IA 50328-0001

7 | John Schlotter, Esq.
McCalla Raymer, LLC
8 | Bankruptcy Department
1544 Old Alabama Road
9 | Roswell, GA 30076-2102

10 | Mark Bosco, Esq.
TIFFANY & BOSCO, P.A.
11 | Third Floor Camelback Esplanade II
2525 E. Camelback Road
12 | Phoenix, AZ 85016-9240

13

14 | /s/ *Misty Hinshaw*